```
                                              FILED
                                         U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF LA.

                                         2020 JAN 16  A 11: 19
                                            Carol L. Michel
                                         ~~WILLIAM W. BLEVINS~~
                                                CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



SUPERSEDING BILL OF INFORMATION
**FOR MISPRISION OF A FELONY AND FALSE STATMENTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-289** |
| v. | * | **SECTION: "B"** |
| **LISA VACCARELLA** | * | **VIOLATIONS: 18 U.S.C. § 4** |
| | | **18 U.S.C. § 1001(a)(2)** |
| | * | |

\* \* \*

The United States Attorney charges that:

## INTRODUCTION

At all times relevant to this Information:

The St. Bernard Parish Prison ("SBPP") was a correctional facility in the Eastern District of Louisiana responsible for the custody, control, care, and safety of inmates, including pretrial detainees, who were held in custody following an arrest, but who had not been convicted of a crime. Nimali Henry was a nineteen-year-old pretrial detainee in the custody of the SBPP from March 21, 2014, through April 1, 2014. Henry suffered from serious medical conditions, for which she was under a physician's care, and required medical treatment, including regular medication.

```
___ Fee _____
___ Process _____
_X_ Dktd. _____
___ CtRmDep _____
___ Doc. No. _____
```

While incarcerated at the SBPP, Henry did not receive medication or treatment for her serious medical conditions, she was not evaluated or treated by a physician, and she was not taken to a hospital. As a result of not receiving medical evaluation or treatment, Henry died on April 1, 2014.

During Henry's incarceration, Timothy Williams and defendant **LISA VACCARELLA** ("**VACCARELLA**") were correctional officers responsible for the custody, control, care, and safety of inmates, including pretrial detainees, at the SBPP. During Henry's incarceration, Williams held the rank of Corporal. As Corporal, Williams was the supervisor over **VACCARELLA**, who held the rank of Deputy.

## COUNT 1
### (Misprision of a Felony)

On or about August 14, 2014, in the Eastern District of Louisiana, defendant **LISA VACCARELLA**, having knowledge of the actual commission of a felony cognizable by a court of the United States, did conceal the same from law enforcement and did not as soon as possible make the illegal activity known to a judge, agent, or other person in civil or military authority under the United States.  Specifically, **VACCARELLA** knew that that Timothy Williams and others committed the felony of Deprivation of Civil Rights Under Color of Law Resulting in Bodily Injury and Death (18 U.S.C. § 242), in that **VACCARELLA** knew that: Williams, while acting under color of law as an SBPP correctional officer, knew that Henry had serious medical needs and that she was at substantial risk of serious harm if she did not receive medical attention; Williams and others willfully disregarded the substantial risk of serious harm to Henry's health and safety by failing to take reasonable measures to get medical attention for Henry; Williams and others willfully deprived Henry of her constitutional right to be free from a correctional officer's deliberate indifference to her serious medical needs; and as a result of the failure by Williams and

2

others to take reasonable steps to get Henry medical attention, Henry suffered bodily injury and death. On or about August 14, 2014, in the Eastern District of Louisiana, when interviewed by a Federal Bureau of Investigation agent about the circumstances of Henry's death, **VACCARELLA** took affirmative steps to conceal the crime by falsely telling the agent that she saw Henry walking without any difficulty on March 30, 2014, and by not making known during the interview, and as soon as possible, the aforementioned crime committed by Williams and others.

All in violation of Title 18, United States Code, Section 4.

## COUNT 2
### (False Statements to a Federal Agency)

On or about August 14, 2014, in the Eastern District of Louisiana, defendant **LISA VACCARELLA** knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the United States. Specifically, defendant **VACCARELLA** falsely told special agents of the FBI that on March 30, 2014, **VACCARELLA** observed Nimali Henry walk into a dorm and lie down on the floor, and then, upon **VACCARELLA'S** order, stand up without any assistance and walk without any difficulty, before **VACCARELLA** closed the dorm door. In truth and in fact, as **VACCARELLA** then well knew, her statements were false, in that **VACCARELLA** watched Nimali Henry fall to the dorm

3

floor on March 30, 2014, and then **VACCARELLA** closed the dorm door and left Nimali Henry lying on the floor.

All in violation of Title 18, United States Code, Section 1001(a)(2).

                                               PETER G. STRASSER
                                               UNITED STATES ATTORNEY

                                               _____
                                               CHANDRA MENON
                                               Assistant United States Attorney

New Orleans, Louisiana
January 16, 2020

No. 15-289 "B"

# United States District Court
### FOR THE
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

LISA VACCARELLA

SUPERSEDING BILL OF INFORMATION
FOR
MISPRISION OF A FELONY AND FALSE STATEMENTS

Violation(s): 18 U.S.C. § 4
18 U.S.C. § 1001(a)(2)

Filed _____, 20 20 _____

_____, Clerk.

By _____, Deputy

CHANDRA MENON
Assistant United States Attorney